FILED



APR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SOUTHWEST REGIONAL COUNCIL OF CARPENTERS,

            Plaintiff-Appellee,

 v.

 MICHAEL MCCARRON,

            Defendant-Appellant,

  and

SOUTHWEST CARPENTERS TRAINING FUND; DECARLO & SHANLEY, P.C.,

            Third-party-defendants.

No. 15-55879

D.C. No.
2:14-cv-02762-JVS-JC
Central District of California,
Los Angeles

ORDER

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Appellant's petition for panel rehearing (Docket Entry No. 27) is granted.

The memorandum disposition filed February 27, 2018, is withdrawn. A superseding memorandum will be filed concurrently with this order.

No further Petitions for Panel Rehearing or Petitions for Rehearing En Banc will be entertained.

NOT FOR PUBLICATION

FILED

APR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOUTHWEST REGIONAL COUNCIL OF CARPENTERS, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> MICHAEL MCCARRON, <br><br> Defendant-Appellant, <br><br> and <br><br> SOUTHWEST CARPENTERS TRAINING FUND; DECARLO & SHANLEY, P.C., <br><br> Third-party-defendants. | No.   15-55879 <br><br> D.C. No. 2:14-cv-02762-JVS-JC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 23, 2018[**]

Before:   THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Michael McCarron appeals pro se from the district court's interlocutory order granting summary judgment in favor of Southwest Regional Council of Carpenters ("SWRCC"), an affiliate of the United Brotherhood of Carpenters and Joiners of America, on SWRCC's claim and McCarron's counterclaims under the Labor Management Reporting and Disclosure Act ("LMRDA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Corns v. Laborers Int'l Union of N. Am.*, 709 F.3d 901, 907 (9th Cir. 2013), and we affirm in part, reverse in part, and remand.

## I

The district court properly granted summary judgment as to liability on SWRCC's claim of breach of fiduciary duty under LMRDA § 501(a) because McCarron violated SWRCC's bylaws, and thus breached his fiduciary duties as a union officer as a matter of law, by making payments to the Southwest Carpenters Training Fund ("SWTF") without first referring SWTF's rental overpayment bills to SWRCC trustees for review. *See Servs. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 718 F.3d 1036, 1046 (9th Cir. 2013); *Kerr v. Shanks*, 466 F.2d 1271, 1276 n.3 (9th Cir. 1972). McCarron did not establish any affirmative defense based on SWRCC council executive committee's approval of the payments he made to SWTF because there is no good faith defense to a claim under LMRDA § 501(a), *see Servs. Emps. Int'l Union*, 718 F.3d at 1046-47

2

(holding that belief that violations of union constitution were justified did not absolve union officers of liability), and the defense of authorization does not apply when an authorization is in conflict with a union's constitution or bylaws, *see id*. at 1049.

## II

As to the issue of damages caused by McCarron's breach of his fiduciary duty to SWRCC, however, the district court clearly erred in effectively construing McCarron's answers to SWRCC's ambiguous requests for admissions as binding declarations that SWRCC owed no money to the SWTF when he paid SWTF $5,364,970.10 from SWRCC's coffers.

Everyone in this controversy knew from the outset that McCarron paid SWTF's bill for over market rent charges (with compound interest) because he concluded that the bill was justified. The purpose of SWTF's bill to SWRCC was clear: to recoup for the overpayment of rent. To quote the district court in its March 4, 2015 Order, "In its Complaint, SWRCC alleges multiple times that McCarron overcharged the Training Fund for rental of leased properties. The amount of damages sought [by SWRCC] is 'the difference between proper market rents and what McCarron actually charged.' These allegations do not form the basis for actual damages to SWRCC because SWRCC cannot be entitled to the amount it wrongfully overcharged the Training Fund." S.E.R. Vol. 1, 9.

Nevertheless, the district court at the urging of the plaintiffs seized upon McCarron's answers conclusively to mean something that he vigorously disclaimed: that he gratuitously delivered SWRCC's money to the SWTF to cover a claimed "debt" that SWRCC did not owe.

In his opposition to the motion for summary judgment, McCarron attempted to clarify his responses. His papers said, "The SWRCC relies on purported admission to generate its new damage theory. This admission was taken out of context and mischaracterized. Mike's theory has always been that the rents were over market and had to pay back. This admission is the subject of a motion to withdraw or amend which is/was set for hearing on 02/10/15." C.R. 166 at 17.[1]

McCarron supported his opposition with his own declaration to the same effect:

> 19. I was sued for various LMRDA violations, such as my reimbursement of improperly retained funds. The SWRCC *inadvertently* overcharged the Southwest Carpenters' Training Fund ("SWTF" or the "fund") on leases to various buildings it rented from the SWRCC.
>
> 20. I have no real estate or lease experience and I did not set the rates which are the subject of this case. The rents were set by Randy Sowell, UBC's Director of Real Estate, on behalf of the SWRCC. The rents were not set by me, as I don't know how to set lease rates. I am not a lawyer and do not have any real estate or lease experience.

---

[1]  McCarron lost his motion. His failure to appeal the results do not preclude him from challenging the meaning of his responses.

4

21. Four different appraisals confirmed that the leases were improper, including Strategic Partner Advisors, who sent me a letter dated May 31, 2013 confirming that the subject leases were charging above-market rates. The rates came to be above-market at the downturn in the economy.

22. I paid the SWTF back. The money belonged to the SWTF. I sought to reverse any unjust enrichment to the SWRCC by properly reimbursing the SWTF. I risked breach of my fiduciary duty to the SWRCC if I was to subject the SWRCC to an avoidable law suit by the SWTF. I balanced the books of the SWRCC and the SWTF as I am required to do under the SWRCC bylaws, Section 8.

. . .

24. In any event, there was no loss or damage to the SWRCC - it wrongfully obtained $5.3 million from the SWTF and the SWTF was properly paid back.

S.E.R. Vol. 2, 72-73

Alan Goldberg, McCarron's attorney filed his own declaration making the same point in support of McCarron's opposition to the motion:

2. The admission referred to by the SWRCC in page 10 of its Motion, along with all the admissions attributed to Mike in the WRCC's motion, numbers 51-68, do not accurately reflect Mike's theory of this case. His theory is and was, and the theory which I have been developing throughout this litigation is, that due to the recession the leases at issue became leases with rates which were above market value. In assisting Mike with these responses I did not notice that his denial could be used against him as an admission that the leases did not charge over market rents. As soon as I became aware of the

5

> SWRCC's plan to use those Responses to Requests for Admissions, on 12/31/14, I immediately took action to right this error. This error is the subject of a motion to withdraw or amend which is set for hearing on February 10, 2015. Mike's theory is and was that the rents were over market and he had to pay back. SUF 52, 53.

C.R. 168.

As to the plaintiff's requests for admissions, we conclude that they are manifestly ambiguous, in particular the use of the word "require." Plaintiff's requested that McCarron admit "that the lease[s] . . . require the Training Fund to pay above market rents to the SWRCC." S.E.R. vol. 2 at 148-55. The leases themselves do not so <u>require</u>. The terms of the leases may have <u>resulted</u> in above market rates due to the subsequent downturn in the market after they were negotiated, however the leases themselves contained no requirement of "above market rents" language or expectations.

SWTF and SWRCC are not normal arm's-length parties to economic transactions. Because SWTF falls within the ambit of ERISA, it is subject by statute to the watchful eye and umbrella of the United States Department of Labor ("DOL"). 29 U.S.C. §§ 1132(a), 1134(a), 1136(b). After the district court's order, the DOL issued letters to SWTF regarding its investigation of the disputed leases in this case. McCarron asks us to take judicial notice of these documents. We grant his request.

The DOL's letter of March 12, 2015, reads in pertinent part as follows:

6

Dear Mr. DeCarlo:

The Department of Labor (the Department) has responsibility for administration and enforcement of Title I of the Employee Retirement Income Security Act of 1974 (ERISA). Title I of ERISA establishes standards governing the operation of employee benefit plans such as the Southwest Carpenters Training Fund (Training Fund).

.   .   .

This office has concluded its investigation of the Training Fund and of the activities of the fiduciaries. Based on the facts gathered in this investigation, and subject to the possibility that additional information may lead us to revise our views, it appears that, as fiduciaries, the Board, the Trustees individually, and Ripley, may have violated several provisions of ERISA. The purpose of this letter is to advise you of our findings and to give you an opportunity to comment before the Department determines what, if any, action to take.

.   .   .

From 2008 through 2013, it was revealed that the Training Fund had paid rent to the SWRCC that was grossly in excess of comparable market rental values relating to the lease agreements entered into prior to May 2009. Specifically, based on an assessment of comparable fair market rental values, it was concluded that the Training Fund had paid rent to the SWRCC that was $5,843,434.25 in excess of fair market rental values from 2008 through June of 2013.

.   .   .

Because the terms of the lease agreements and the amounts paid by the Training Fund were in excess of comparable market rates, this office has determined that

7

the lease agreements did not constitute a reasonable arrangement, and the amount paid by the Training Fund to the SWRCC was more than reasonable compensation. Additionally, this office has determined that the amount paid by the Training Fund to the SWRCC was in excess of adequate consideration. Consequently, the conditions of ERISA Sections 408(b)(2) and (17) were not met.

. . .

### Correction

On May 31, 2013 and June 21, 2013, McCarron, on behalf of the SWRCC reimbursed the Training Fund $4,736,970.52 and $627,999.58, respectively, representing excessive rent for periods from 2008 through June 2013, plus lost opportunity cost.

On August 4, 2015, the DOL sent another letter to the SWTF:

Dear Mr. DeCarlo:

I have received your letter, dated March 16, 2015, concerning the Southwest Carpenters Training Fund (Training Fund), which was in response to my letter, dated March 12, 2015.

. . .

It is my understanding that you have taken corrective action with respect to the specific violations detailed in my letter of March 12, 2015. Specifically, the Southwest Regional Council of Carpenters (Union) reimbursed the Training Fund a total of $6,203,145.18 in connection with the above-market rent paid to the Union for the lease of various training facilities.

The district court's award of damages to SWRCC constituted an inappropriate windfall and a miscarriage of justice. Using the amount McCarron

8

returned to SWRCC as a measure of damages was not proper. However, we are unable to determine on the record whether SWRCC might have suffered other compensable damages caused by McCarron's related inappropriate activities.

## III

The district court properly granted summary judgment on McCarron's counterclaims for retaliation and violation of his free speech rights under LMRDA § 101(a)(2) because he made no showing that SWRCC took action against him after he expressed his opposition to union policies. *See United Steel Workers Local 12-369 v. United Steel Workers Int'l*, 728 F.3d 1107, 1118 (9th Cir. 2013) (setting forth elements of claim).

## CONCLUSION

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings in accord with this disposition.

Each party shall bear its own costs on appeal.